

Signed and Filed: June 14, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                               ) Bankruptcy Case
                                    ) No. 08-31434DM
600 ALABAMA LLC, A CORPORATION,     )
                                    )
                      Debtor.       ) Chapter 7
_____)
```

MEMORANDUM DECISION ON MOTION TO DISQUALIFY TRUSTEE

On December 10, 2010, the court converted this case to chapter 7 and appointed Andrea Wirum as trustee. At a hearing on that date, the court informed counsel for Marin Mortgage Bankers Corporation ("MMB") that its motion to disqualify Mr. Bradlow, the former chapter 11 trustee, was rendered moot by the conversion. MMB did not seek appellate review of the conversion order or the court's decision that its motion to disqualify was moot.

On April 1, 2011, MMB filed a motion asking the court to reconsider its prior ruling denying the motion to disqualify Mr. Bradlow in light of a September 2010 reversal and remand by the district court. The court will not reconsider its ruling because the underlying motion is moot; even if it were not, grounds did not exist to disqualify Mr. Bradlow.

As Mr. Bradlow is no longer the trustee, the court cannot grant the relief which MMB seeks (his removal). Yet, MMB says that the court should remove him anyway as a symbolic gesture.

-1-

The court lacks jurisdiction to issue "symbolic" or advisory rulings. The court has jurisdiction only to adjudicate a "real, earnest and vital controversy. " Chicago & Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 345 (1892). The case or controversy requirement demands dismissal when the issues presented are no longer "live" or the parties lack a cognizable interest in the outcome. Murphy v. Hunt, 455 U.S. 478, 481 (1982). A case becomes moot when it "loses its character as a present, live controversy of the kind that must exist" in order to avoid "advisory opinions on abstract questions of law." Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001). As this court cannot grant the relief sought by MMB, the matter is moot and the court denies the motion for lack of jurisdiction.[1]

Even if the matter were not moot, grounds do not exist to grant the motion. MMB held the second lien on Debtor's property. (As this court observed early in the case in a ruling on a motion for preliminary injunction, MMB's lien appeared avoidable as a fraudulent conveyance.) When Debtor moved to dismiss the case in 2008, certain junior lienholders opposed dismissal and requested appointment of a chapter 11 trustee to pursue an avoidance action against MMB. They also opposed a motion for relief from stay filed by MMB. The court granted the request to appoint a chapter 11 trustee, and after consulting with all parties, including MMB, the United States Trustee appointed Mr. Bradlow.

After Mr. Bradlow was appointed the chapter 11 trustee, he

---

[1] Jurisdictional issues may be raised by the court sua sponte. See In re Vylene Enters., Inc., 968 F.2d 887, 889 (9th Cir. 1992).

Case: 08-31434    Doc# 346    Filed: 06/14/11    Entered: 06/15/11 11:18:20    Page 2 of 5

negotiated a lease agreement with the debtor's tenant (following significant disputes between debtor and the tenant).  As no equity existed in the estate, the trustee did not want the estate to incur the costs of litigating potentially unsuccessful avoidance claims.  Multiple liens existed against the property, and the trustee would have had to avoid most (if not all) of them for the estate for the estate to recover any amounts.

Ms. Chiang and her spouse, John Sullivan, an attorney, offered to "buy" the estate's potential avoidance actions by paying the costs of litigation and prosecuting the actions.  The trustee moved for approval of a litigation agreement with Mr. Sullivan, over the vigorous objections of Loanvest V, LLC and MMB.  The court approved the litigation agreement.

Thereafter, MMB filed a motion to vacate the litigation agreement based on previously undisclosed e-mails revealing that while an employee of a lawfirm representing 2712 Mission (a party against which the debtor held a claim), Mr. Sullivan drafted pleadings adverse to that client.  MMB also observed that Mr. Sullivan did not disclose his connections to Loanvest and MMB when the motion to approve the litigation agreement was filed.

On July 20, 2009, MMB filed a motion to disqualify Mr. Bradlow, arguing that his affiliations and relationships with Mr. Sullivan and his counsel resulted in a conflict of interest or a lack of disinterestedness.  Following extensive briefing and several hearings, the court entered an order denying the motion on August 26, 2009.  MMB appealed, contending that the court had applied the wrong standard; specifically, MMB argued that this court based its decision to deny the motion on its conclusion that

Case: 08-31434    Doc# 346    Filed: 06/14/11    Entered: 06/15/11 11:18:20    Page 3 of 5

no actual harm had resulted from Mr. Bradlow's decisions regarding case administration.

On September 28, 2010, the district court issued an order reversing and remanding the order denying the motion to disqualify. The district court stated that removal of a trustee under section 324 of the Bankruptcy Code does not require "actual harm;" rather, the court should consider the "totality of circumstances" to determine if the trustee has a materially adverse interest as set forth in In re AFI Holding, Inc., 355 B.R. 139, 147 (9th Cir. 2006); aff'd, 530 F.3d 832 (9th Cir. 2008) ("We also generally agree that a court should apply a totality-of-circumstances analysis in determining other "causes" for removal under § 324. We do not subscribe to a rigid application of factors, however, but view them as aids for the court's discretionary review.").

In determining whether to disqualify a trustee, a court may consider a trustee's past affiliations with insiders and an appearance of impropriety that may create a potential for a materially adverse effect on the estate. 530 F.3d at 838. MMB simply has not presented evidence of affiliations between and among Mr. Bradlow and Mr. Sullivan (and their respective counsel) that would support a finding of appearance of impropriety.

MMB emphasizes that Mr. Bradlow signed a settlement agreement converting the purportedly secured claim of Loanvest to an unsecured claim. MMB has not, however, provided any evidence that Mr. Bradlow was acting inconsistetnly with the litigation agreement when he signed that settlement agreement, nor has he shown that Mr. Bradlow would have omitted material and known

-4-

conflicts if the settlement had reached the point of requiring court approval under Federal Rule of Bankruptcy Procedure 9019. MMB has not demonstrated that Mr. Bradlow was aware of the connections of Mr. Sullivan to Loanvest at the time he executed the litigation agreement or that Mr. Bradlow was acting outside the scope of that agreement. That the court eventually vacated its order approving the settlement agreement because of Mr. Sullivan's nondisclosures does not mean that Mr. Bradlow was complicit in, or even aware of, Mr. Sullivan's conflicts.

In AFI, the trustee formerly represented an insider of the debtor and formerly represented the former insider's domestic partner in his capacity as an investor and limited partner in entities related to the debtor. Here, however, Mr. Bradlow – unlike the trustee in AFI – did not engage in conduct that gave rise to an appearance of impropriety that may have created a potential for a materially adverse effect on the estate.

For the foregoing reasons, the court will deny the motion to reconsider. Counsel for Mr. Bradlow should upload an order consistent with this memorandum decision and should comply with B.L.R. 9021-1.

**END OF MEMORANDUM DECISION**

Case: 08-31434    Doc# 346    Filed: 06/14/11    Entered: 06/15/11 11:18:20    Page 5 of 5